IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

KIM N. LITTLE,                              :
                                           :
                    Plaintiff              :
                                           :
VS.                                        :
                                           :
PELHAM MUNICIPAL JAIL,                      :        NO. 1:06-cv-60(WLS)
                                           :
                    Defendant              :        **O R D E R**

_____

      Plaintiff **KIM N. LITTLE**, an inmate at the Pelham Municipal Jail in Pelham, Georgia, originally filed this *pro se* complaint in the Northern District of Georgia. Observing that the events giving rise to plaintiff's complaint occurred in Pelham, Georgia, United States District Judge Jack T. Camp mistakenly transferred the case to the Southern District of Georgia on April 7, 2006. Inasmuch as Pelham is a part of the Middle District, rather than the Southern District, United States Magistrate Judge G.R. Smith transferred the case to this Court on April 17, 2006.

      Without passing judgment on the ultimate determination of the merits of plaintiff's claims, the Court observes that the plaintiff has failed to present his claims on the standard 42 U.S.C. § 1983 forms required by this Court. Nor has the plaintiff submitted the initial filing fee of $250.00 or a financial affidavit seeking leave to proceed *in forma pauperis*.

      Accordingly, plaintiff is hereby **ORDERED** to complete and submit a 42 U.S.C. § 1983 form AND either submit the full initial filing fee of $250.00, or execute and return a financial affidavit

Dockets.Justia.com

seeking leave to proceed *in forma pauperis* including a copy of his trust fund account balance.

Plaintiff is advised that entities such as the Pelham Municipal Jail are not subject to suit. ***See e.g., Marsden v. Federal Bureau of Prisons***, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (holding that a jail is not an entity subject to being sued). Therefore, in completing the Court's section 1983 form, plaintiff is instructed to name as defendants herein all specific individuals who he contends were responsible for the alleged mistreatment set forth in his complaint." With each named defendant, plaintiff should explain the actions taken by each such individual or the duties he or she failed to perform.

Plaintiff shall have thirty (30) days from the date of his receipt of this order to provide the aforementioned information. Plaintiff is advised that failure to submit the form, pay the fee or submit the required affidavit may result in dismissal of this action. There shall be no service of process until further order of the Court.

The clerk of court is directed to forward the appropriate section 1983 forms and financial affidavit to the plaintiff together with a copy of this order.

**SO ORDERED**, this 5th day of May, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE