**FILED**
U.S. DISTRICT COURT
~ GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA   06 JUN 22  AM 11: 38
ALBANY DIVISION

_____WKS_____
DEPUTY CLERK

| | | |
|---|---|---|
| KIM N. LITTLE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| PELHAM MUNICIPAL JAIL, | : | NO. 1:06-cv-60(WLS) |
| | : | |
| Defendant | : | **O R D E R** |

The instant civil rights action under 42 U.S.C. § 1983 was transferred to this Court from

the Northern District of Georgia.  On May 5, 2006, plaintiff **KIM N. LITTLE** was ordered to

complete and submit a section 1983 form and either submit the full filing fee of $250.00 or execute

and return a financial affidavit.  Plaintiff was advised that his failure to comply with these

instructions within thirty days would result in dismissal of the complaint.

The Clerk's Office has made two attempts to locate plaintiff.  First, plaintiff was mailed

a copy of the Court's May 5 [th] order.  That order was returned to the Clerk's Office with the

notation "no longer at the Pelham Municipal Jail."  Thereafter, the Court issued a new order on

May 16, 2006, directing the Clerk's Office to mail a copy of both   orders to plaintiff's  new

address, which was believed to be the Decatur County Jail, and giving plaintiff until June 19th to

comply with its instructions.

Apparently, plaintiff has been released from prison.  The Court has undertaken all

reasonable action in order to determine the plaintiff's present location but without success.  A s

this Court has no information regarding plaintiff's whereabouts, it is hereby **ORDERED** that

plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE.**

    **SO ORDERED**, this _2/st_ day of June, 2006.

W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT